# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

## DISTRICT OF COLUMBIA.

---

## PARKES v. LEWIS.

---

PATENTS; INTERFERENCE; APPEALS; CONCURRENT DECISION OF PATENT OFFICE; BURDEN OF PROOF; DILIGENCE; PRIORITY; PRELIMINARY STATEMENTS; DATES.

1. The question of identity of invention is in general one which should be settled by the experts of the Patent Office, and not by this court, and the rules of the Patent Office, established under legislative authority, provide how this is to be done. The proceeding for a dissolution of an interference for want of identity in the several devices of the parties is collateral to the interference itself, and independent thereof, and does not enter into the consideration of the question of priority of invention, when the latter question is brought to this court. (Following *Luger* v. *Browning*, 21 App. D. C. 204; *Podlesak* v. *McInnerney*, 26 App. D. C. 399.)

2. After an appeal from the decision of the Examiners-in-Chief, a motion to transmit an interference to the Primary Examiner will only be entertained by the Commissioner of Patents when it appears that a clear and unmistakable error has been committed in the prior decision.

3. *Semble*, that where the board of Examiners-in-Chief affirms the decision of the Preliminary Examiner, or of the Examiner of Interference, the Commissioner of Patents will not reverse the board on any mere question of fact, unless the decision be clearly against the weight of evidence.

Vol. XXVIII.—1.

4. On appeals to this court the rule is established that, where the Commissioner concurs in and affirms the decision of the Examiners-in-Chief on matters of fact, this court will not reverse that decision, unless it clearly appears that the decision was against the weight of evidence. It will not be reversed on any mere question of doubt whether it be correct or not. Therefore, where the court can see that the facts of the case have been fully and carefully examined by the tribunals of the Patent Office, resulting in a concurrence of decision thereon, it is deemed entirely unnecessary to restate and reiterate the facts gone over by the tribunals below, with a repetition of their conclusions, unless it clearly appears that a different result should have been reached in the court below. (Following *Flora* v. *Powrie*, 23 App. D. C. 201, 202.)

5. Unanimity in the Patent Office tribunals imposes upon the appellant here the burden of showing very clearly that the Commissioner erred in the final decision appealed from. (Citing *Re Adams*, 24 App. D. C. 277; *Seeberger* v. *Dodge*, 24 App. D. C. 481.)

6. A delay of three years in reduction to practice is fatal to an award of due diligence, where the applicant does not explain the delay, and has during that period taken out several patents relating to the same art. (Following *Robinson* v. *Copeland*, 24 App. D. C. 74.)

7. The inventor who first reduces to practice is prior in right, unless the inventor who is the first to conceive was using reasonable diligence at the time of the second conception and the first reduction to practice. (Citing *Paul* v. *Johnson*, 23 App. D. C. 194.)

8. The sworn preliminary statements required when an interference has been declared constitute the pleadings of the parties, and the parties should be held strictly to the dates given therein. (Following *Stevens* v. *Seher*, 11 App. D. C. 245, 251; *Cross* v. *Phillips*, 14 App. D. C. 228, 236; *Bader* v. *Vajen*, 14 App. D. C. 241, 254; *Hammond* v. *Basch*, 24 App. D. C. 473; *Fowler* v. *Boyce*, 27 App. D. C. 55.)

No. 342. Patent Appeals. Submitted May 8, 1906. Decided June 5, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Wm. Raimond Baird* for the appellant.

*Mr. James H. Bryson* and *Messrs. Fowler & Bryson* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

William N. Parkes appealed from the decision of the Commissioner of Patents awarding priority to John G. Lewis, the appellee, in interference, the subject-matter of which relates to the stitch-forming mechanism of sewing machines, and the two counts here in issue are as follows:

"1. In a sewing machine, a rotary-hook mechanism arranged to remain in the same center of rotation, a laterally reciprocating needle, and means for varying the depth of the thrust of said needle.

"2. In a sewing machine, a needle, means for vibrating said needle laterally, a rotary hook arranged to remain in the center of rotation, and means for rotating said hook twice to each thrust of said needle."

The question here relates to the stitching mechanism of sewing machines using the lock stitch wherein the needle bar has the reciprocatory movement and an additional vibratory movement adapting the machine to make overseaming, blind, and ornamental stitches. The appellee's device concerns machines for making blind stitches. The appellant's application relates to machines for ornamental stitching or embroidery. The matter in controversy is briefly a reciprocatory and vibratory needle-bar mechanism, a hook carrying the under thread adapted to remain in the same center of rotation with means for rotating such hook twice to each thrust of the needle, and means for varying the depth of thrust of the needle to secure the proper cooperative relations between the eye of the needle and the beak of the hook in the first and second stitch-forming position.

The record in this case is very long, and the briefs quite voluminous. The appellant pressed motions before the Primary Examiner to have the interference dissolved because of irregularity in declaring it, because the matter in issue was not patentable, and there was no interference in fact, and the appellee had no right to make the claim. All these motions were decided adversely by the Primary Examiner, and the Commissioner, after hearing, declined to review the Primary Examiner's

decision, though the Commissioner did dissolve the interference as to a third count, which therefore is not before us.

The argument and brief of the appellant upon these questions, this court will not here consider. The reason is well stated in *Luger* v. *Browning,* 21 App. D. C. 204: "But this question is one which, except, perhaps, in very rare and exceptional cases, this court will not undertake to determine. We must take the question of identity of invention, as well as that of patentability, as settled by the declaration of interference. This court has not general jurisdiction over the proceedings of the Patent Office. The question of identity of invention is, in general, one which should be settled by the experts of the office. and not by this court; and the rules of the office, established under legislative authority, provide how this is to be done. They provide for the dissolution of the interference on motion, if either one of the parties conceives that there is no interference in fact; and from the Commissioner's determination in that regard we do not find that the law has given any appeal to this court. The proceeding for a dissolution of the interference for want of identity in the several devices of the parties is collateral to the interference itself, and independent thereof; and does not, as a general rule, enter into the consideration of the question of priority of invention, when this latter is brought to this court. It is presumed to have been finally determined in the office." See cases there cited; also *Podlesak* v. *McInnerney,* 26 App. D. C. 399.

According to the practice of the Patent Office, these questions were considered by the Primary Examiner, and the motion to dissolve the interference was denied, and on appeal the Examiner's decision was affirmed. After an appeal from the decision of the Examiners-in-Chief, a motion to transmit an interference to the Primary Examiner will only be entertained by the Commissioner when it appears that a clear and unmistakable error has been committed in the prior decision. In this case, the Commissioner of Patents decided that the testimony submitted by the appellant did not show such an exceptional case, and the Commissioner finally refused to permit the appellant

to amend his preliminary statement because such amendment, if permitted, would not change the effect of the decision which had been rendered on a final hearing.

The sole question necessary for us to consider upon this appeal is the question of priority of invention. All the tribunals of the Patent Office have decided this question in favor of the appellee. It appears that the appellant alleged reduction to practice between August and December, 1900, his machine having been completed in December of that year, while the date of the appellee's original application was January 27th, 1900. The appellant had said in his preliminary statement that he had made a model of the invention in 1897, and had sought to amend this statement and to aver that he had built a full-sized sewing machine at that time, and he had inadvertently called this machine a model. The machine he produced in evidence, "Parkes' Exhibit First Ornamental Stitch Machine," did not disclose the issue, and was not produced at the hearing. "Parkes' Exhibit Second Ornamental Stitch Machine," which it was testified had been completed in April, 1897, was also decided by the tribunals of the Patent Office not to have disclosed the issue; and therefore it was held to be immaterial whether such machine be considered a working device of full size.

The appellant's counsel insist that the tribunals of the Patent Office erred, and that the appellant conceived the device of the appellee's machine about January, 1897, and the inventions involved here previous to June, 1897, and thereafter that he diligently worked upon his automatic embroidery machine until he made it a commercial success in December, 1900. We have carefully examined this point, and concur with the tribunals of the Patent Office.

Upon this subject and the others involved in this appeal, we are not convinced that there is error in the conclusions arrived at by all the tribunals below. "The rule is an established one, and prevails in the Patent Office as well as in other courts, and that is, where the board of Examiners-in-Chief affirms the decision of the Preliminary Examiner, or the Examiner of In-

terferences, the Commissioner. of Patents will not reverse the
board on any mere question of fact, unless the decision be
clearly against the weight of evidence. *Hazelip* v. *Richardson*
(1876) 10 Off. Gaz. 747; Walker, Patents, sec. 132. . And so
on appeals to this court, the rule is established that, where the
Commissioner concurs in and affirms the decision of the Exam-
iners-in-Chief on matters of fact, this court will not reverse that
decision, unless it clearly appears that the decision was against
the weight of evidence. It will not be reversed on any mere
question of doubt whether it be correct or not. Therefore, where
the court can see that the facts of the case have been fully and
carefully examined by the tribunals of the Patent Office, result-
ing in a concurrence of decision thereon, it is deemed entirely
unnecessary to restate and reiterate the facts gone over by the
tribunals below, with a repetition of their conclusions, unless
it clearly appears that a different result should have been reached
in the court below. Of course, where matters of law are in-
volved, a different principle applies." *Flora* v. *Powrie,* 23
App. D. C. 201, 202.

Unanimity in the Patent Office tribunals imposes upon the
appellant here the burden of showing very clearly that the Com-
missioner erred in the final decision appealed from. See *Re
Adams,* 24 App. D. C. 277; *Seeberger* v. *Dodge,* 24 App. D. C.
481. Therefore, we will state our conclusions, and not re-
examine the matters so fully discussed in the decisions of the
Patent Office tribunals in this case.

The appellee, as we have said, filed his original application
on January 27th, 1900. In this case it is not necessary to de-
cide whether or not the appellee may not justly be awarded
actual reduction to practice in 1899. He is at least entitled to
January 27th, 1900, as the date of conception and reduction to
practice on his part.

The Examiner of Interferences, after an extended review of
the evidence, concluded that the appellant failed to prove con-
ception of the invention prior to this date. All the tribunals
agree that the appellant cannot prevail in this controversy
whether or not he was the first to conceive the invention of the

issue.  Since the appellee was found to have been the first to reduce to practice, it was incumbent upon the appellant to make a proper showing as to his diligence.  If we had any hesitation in agreeing with the Patent Office that the appellant's proof failed to show a complete conception as defined in an issue of priority of invention, a matter of fact which must be clearly established by proof, we have no hesitation in concurring with the Patent Office in respect of the question of diligence.  If the appellant had conceived and disclosed the invention in the second count of the issue, the long time that elapsed before his reduction to practice in 1900 in his operative machine which embodies both counts of the issue, shows such lack of diligence as would forbid an award of priority to him over the appellee, who constructively shows a reduction to practice by filing his application on January 27th, 1900.  During the interval just mentioned the appellant applied for and received a large number of letters patent upon sewing machines.

In a similar case this court said:  "He made four or five applications to the Patent Office during the interval when this invention was held in abeyance;  and these applications were all for improvements in this same art.  It is not apparent why he could not also have made an application for this invention at the same time.  He also claims to have been, and no doubt he was, a very busy man in other directions;  but it is well-settled law that this is no sufficient excuse for inactivity which allows the intervention of others in the field of invention and the perfection of their enterprises.  And, if he was not too busy to make the other applications that have been mentioned, we do not see why he should have been too busy to make the application for this present invention.  We are of opinion that the Commissioner of Patents and the other tribunals of the Patent Office were right in holding that there was not due diligence on the part of Robinson."  *Robinson* v. *Copeland,* 24 App. D. C. 74.

The appellant built many such machines embodying such inventions, yet in none of these applications or machines did he include the invention of the issue here;  and it appears he had

ample means to produce such a machine. He was much engaged about sewing-machine inventions, but it nowhere appears in the record that he was making any effort to reduce this invention to practice at the date of the appellee's application, nor, indeed, did he make such effort until some months thereafter. The inventor who first reduces to practice is prior in right unless the inventor who is the first to conceive was using reasonable diligence at the time of the second conception and the first reduction to practice. See *Paul* v. *Johnson,* 23 App. D. C. 194, and cases cited.

The appellee's original application was filed more than two years prior to appellant's application and nearly a year prior to December, 1900, the time when the appellant established his first reduction to practice, and the time in which, by his preliminary statement, he originally claimed his first reduction to practice. In the preliminary statement the appellant affirmed that about March 1st, 1897, he first made a model showing such invention and that he first embodied such invention in a full-sized machine, which was completed about December 1st, 1900, and on that day first successfully operated it.

"The sworn preliminary statements required when an interference has been declared constitute the pleadings of the parties, and we have had occasion several times, and for reasons satisfactory now as then, to approve the practice of holding the parties strictly to the dates given therein. *Bader* v. *Vajem,* 14 App. D. C. 241, 254; *Stevens* v. *Seher,* 11 App. D. C. 245, 251; *Cross* v. *Phillips,* 14 App. D. C. 228, 236." *Hammond* v. *Basch,* 24 App. D. C. 473; *Fowler* v. *Boyce,* 27 App. D. C. 55.

Upon the whole case, we find no sufficient reason to differ with the tribunals of the Patent Office, and the decision of the Commissioner must be affirmed.

The clerk of this court will certify this opinion and the proceedings of the court in this cause to the Commissioner of Patents according to law. *Affirmed.*